EDMUND W. HUNT v. GEORGE N. POTTER.

*Damages by removal of machinery from freehold.*

Where a lease empowers a tenant to put in machinery and remove it at the expiration of his lease, the tenant cannot be held liable for such necessary damage to the freehold as is occasioned by removing the machinery with due care; especially if the particular damage is not specially counted on and proven.

Error to Eaton.   Submitted Oct. 19.   Decided Oct. 26.

CASE.   Plaintiff brings error.   Affirmed.

*Crane & Dodge* and *M. V. Montgomery* for plaintiff in error.

*E. A. Foote* for defendant in error.  ·

MARSTON, C. J.   The defendant rented from the plaintiff a certain mill building for a term of five years, with a right to repair the same and put certain machinery therein, with the privilege of removing all such machinery at the expiration of his term.   About the time his term was to—but before it did—expire, he removed the machinery, and this action was brought to recover damages for breaking and entering the mill building and for breaking, injuring and destroying the flume and other portions of the building, and for carrying away certain parts of the machinery.

The court charged the jury that if the defendant took away any machinery or fixtures other than what he had placed therein he would be liable therefor, but that in this action damages done to the freehold in removing the machinery could not be recovered; and we are of opinion that the instructions so given were correct.   It does not appear that the defendant took any machinery out other than what he had a right to remove under his lease, and it does not appear, nor is it charged in the declaration, that he did not exercise due care and caution, or that he did any

unnecessary damage, in removing what he had a right to take out. In giving the defendant the right to remove whatever machinery he should have put in, the right to do some damage and injury to the freehold in making the removal was impliedly given also, and if he did no unnecessary damage he would not be liable therefor. If he did, it should have been counted on and proven, neither of which appears to have been done in this case.

The judgment must be affirmed with costs.

The other Justices concurred.